UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HY HADDAD,

                Plaintiff,

       v.                                            **DECISION & ORDER**
                                                  22-CV-1906 (WFK) (JRC)

VICTOR HALABI, SAULI HALABI, and
B & H CELLULAR WHOLESALE, INC.,

                Defendants.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

        On June 24, 2022, Soly Halabi ("Defendant") moved for sanctions against Hy Haddad ("Plaintiff") and his counsel. *See* Def's. Mem., ECF No. 18. On June 28, 2022, Plaintiff filed a response in opposition. *See* ECF No. 20.

        Defendant argues the Court should sanction Plaintiff's counsel for asserting the claims enumerated in the Amended Complaint against Defendant because "they are not warranted under existing law or by a nonfrivolous argument for a change to the law and were asserted for an improper purpose." Def's. Mem. at 6. Accordingly, Defendant asks this Court to award attorney's fees and costs incurred in responding to the Complaint and preparing the instant motion. *Id.* ¶ 18. Plaintiff's counsel opposes Defendant's motion for sanctions in its entirety and emphasizes she takes her obligations under Rule 11 to make a reasonable inquiry prior to filing any document "extremely seriously." Pl's. Reply, ECF No. 20 at 2.

        Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions when a pleading, motion, or other paper (1) is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) raises claims not warranted by existing law or by a nonfrivolous argument for changing existing law or

1

establishing new law; (3) presents factual contentions without evidentiary support or are unlikely to have any evidentiary support following "reasonable opportunity for further investigation or discovery;" or (4) asserts denials of factual contentions not warranted by the evidence nor "reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). In accordance with Rule 11, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not imposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (Haight, J.) (internal quotation marks omitted) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

In considering a motion for sanctions under Rule 11, the Court applies an objective standard of reasonableness. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003); *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257–58 (2d Cir. 1996). "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks and citation omitted). In addition, "when divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks and emphasis omitted).

Decisions to impose sanctions must be made with "restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). Further, "[e]ven if the district court concludes that the assertion of a given claim violates Rule 11 . . . . the decision whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004).

In the prudent exercise of the Court's discretion, the Court declines to order sanctions, and therefore DENIES Defendant's motion in its entirety. ECF No. 18.

SO ORDERED.

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2023
      Brooklyn, New York

3